UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff*,<br><br>v.<br><br>BIENVENIDO GONZALEZ,<br>    *Defendant*. | No. 3:17-cr-62 (JAM) |

**ORDER DENYING MOTION FOR SENTENCE REDUCTION**

Bienvenido Gonzalez is a prisoner of the Federal Bureau of Prisons ("BOP"). In light of the ongoing coronavirus pandemic ("COVID-19"), he moves under 18 U.S.C. § 3582(c)(1)(A)(i) for a reduction of sentence. I will deny the motion.

**BACKGROUND**

On March 28, 2018, I sentenced Gonzalez to 144 months of imprisonment following his guilty plea to a charge of conspiracy to distribute and to possess with intent to distribute heroin. Doc. #784. Gonzalez has served less than half his full sentence and is scheduled to be released from BOP custody in June 2027.

Gonzalez is 48 years old. Doc. #1061 at 4. He has a history of hypertension, asplenia (having undergone a splenectomy at age 16), and occasional breathing problems, as well as prediabetes that "may be in remission," as confirmed by BOP medical records that have been filed under seal. *Ibid.*; Doc. 1062-1 at 1-3, 7.

Gonzalez is currently incarcerated in the camp at Federal Medical Center Devens ("FMC Devens") in Ayer, Massachusetts. Gonzalez asserts that the "virus has been present at Devens for some time," and that BOP has reported two inmate deaths, 43 inmate recoveries, and six staff

1

member recoveries. Doc. #1061 at 1 n.2. FMC Devens currently reports zero active inmate cases and three active staff cases.[1]

On April 23, 2020, Gonzalez submitted a request for compassionate release to the Warden at FMC Devens. Doc. #1061, Ex. A. His request has not been granted. Doc. #1061 at 2. On May 4, 2020, Gonzalez filed a *pro se* motion for compassionate release. Doc. #1013. I denied this motion without prejudice because Gonzalez had not waited at least 30 days since asking the Warden to file a motion on his behalf. Doc. #1015. After more than 30 days had passed since his request, Gonzalez's counsel submitted this motion for a sentence reduction on his behalf. Doc. #1061. The Government opposes Gonzalez's motion. Doc. #1065.

On August 3, 2020, in light of revisions to the Centers for Disease Control and Prevention's guidelines on COVID-19, the Government filed a Notice Regarding Change in Position, conceding that Gonzalez's high blood pressure, despite "appear[ing] to be well treated with medication," rises to the level of "extraordinary and compelling reasons." Doc. #1069 at 1-2. The next day, the Government filed a Revised Notice stating that the prior notice "erroneously placed high blood pressure/hypertension in the categories of medical risk facts that do place an individual at increased risk (as opposed to might place an individual at increased risk)," and retracted its concession. Doc. #1070 at 1. The Government maintains its position that Gonzalez has failed to establish "extraordinary and compelling reasons" and that the relevant sentencing factors counsel denial of his motion for compassionate release. *Id.* at 1-2.

## DISCUSSION

Federal law—18 U.S.C. § 3582(c)(1)(A)(i)—allows a court to grant a prisoner's motion for sentence reduction if there are "extraordinary and compelling reasons" to do so. *See*

---

[1] *See* Federal Bureau of Prisons, COVID-19 Cases, available at https://www.bop.gov/coronavirus/ [https://perma.cc/RU7W-MGVX] (last accessed December 8, 2020).

*generally United States v. Brooker*, 976 F.3d 228, 231-34 (2d Cir. 2020). As relevant here, the statute directs courts to consider the following issues before granting any motion for sentence reduction. First, a court must consider whether the prisoner has satisfied the statute's mandatory exhaustion requirement. Second, a court must consider whether there are extraordinary and compelling reasons that might warrant a sentence reduction, such as a threat to a prisoner's health if he remains imprisoned. Third, notwithstanding any such extraordinary and compelling reasons, a court must consider whether in its discretion a sentence reduction is warranted in light of the purposes of sentencing under 18 U.S.C. § 3553.

Although there is no dispute that Gonzalez has now exhausted his administrative remedies, I am not convinced that he has established that the threat to his health from COVID-19 is severe enough to constitute an extraordinary and compelling reason for a sentence reduction. There is no doubt that the COVID-19 pandemic is extraordinary, having killed more than two hundred fifty thousand people in the United States in recent months. And I acknowledge that Gonzalez has substantial health concerns due to his high blood pressure and his potential for autoimmune issues stemming from his splenectomy, which could place him at an increased risk for severe illness were he to catch COVID-19.  But while it is clear that there have been multiple infections at FMC Devens over the course of the pandemic, the number of reported infections among the inmate population has remained very low in light of the countermeasures being taken there. Further, as the Government notes, at the time of its opposition, there have been no positive cases at the camp at FMC Devens, where Gonzalez is currently held. Doc. #1065 at 13. Gonzalez has not established that the particular threat to him from COVID-19 constitutes extraordinary and compelling reasons for his release.

I have also considered all of the sentencing factors under 18 U.S.C. § 3553. Gonzalez was the leader of a large heroin trafficking organization in which he supervised several other individuals, and he has yet to serve most of his prison sentence. Gonzalez has ten prior criminal convictions, including four for sale of narcotics dating back to 1992. Doc. #752 at 18-23. The purposes of sentencing—including just punishment and deterrence—would be ill-served by his early release. While Gonzalez asserts that "[t]here would be no financial motivation for illegal activity" because of his wife's two jobs and the courses he has taken while in prison, Doc. #1061 at 6-7; Ex. B, I am not convinced in light of his record that he has shown that the goals of sentencing would be met or that he would not pose a continuing danger to the community if released at this time.

## CONCLUSION

For the foregoing reasons, the Court DENIES the motion of defendant Bienvenido Gonzalez for sentence reduction. Doc. #1061. The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 8th day of December 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge